# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY CLAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 14-103Erie |
| | ) | |
| v. | ) | District Judge McVerry |
| | ) | |
| MICHAEL OVERMYER, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [ECF No. 10] be granted. The Clerk of Courts should be directed to close this case.

**II.    REPORT**

    **A.  Relevant Procedural History**

This civil action was filed in this Court on April 3, 2014. Plaintiff, an inmate in state custody, alleges that prison staff retaliated against him after he exercised his First Amendment rights. Named as Defendants are: Michael Overmyer; Eric Tice; William Cole; Paul Ennis; Edward Heberling; and David Perry.

Plaintiff alleges that on January 1, 2013, he told Defendants that he intended to file a federal civil rights lawsuit against Corrections Officer McDonald (not a party named in this lawsuit) for filing falsified disciplinary misconduct charges against him. He claims that these Defendants then increased his custody level from a three to a four and changed his classification program status to include an H-code. Plaintiff explains that the increase in custody level has: 1)

1

restricted his access to prison jobs and programs; 2) placed him under frequent direct supervision; and 3) made him ineligible for incentive based transfer to his home region. The assignment of the H-code status has: 1) labeled Plaintiff as a security threat to the facility and restricted his housing assignments within the facility; and 2) stripped him of eligibility for many higher paying prison jobs. Plaintiff alleges that Defendant Perry informed Plaintiff that these actions were taken by Defendants "in response to Plaintiff's verbal threats to file a federal lawsuit against Corrections Officer McDonald."

In response to the Complaint, Defendants filed a motion to dismiss arguing that Plaintiff has failed to state a claim upon which relief could be granted. ECF No. 10. Defendants move for dismissal of this action based upon 1) Plaintiff's failure to state a *prima facie* case of retaliation; and 2) their entitlement to qualified immunity. Plaintiff has filed an opposition brief. ECF No. 13. This matter is fully briefed and is ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992);

Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Retaliation

Plaintiff's claims that these Defendants retaliated against him after he informed them he intended to file a federal civil rights lawsuit against one of their coworkers.

4

It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must allege:

    1) the conduct in which he was engaged was constitutionally protected;

    2) he suffered "adverse action" at the hands of prison officials; and

    3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). See also Holbrook v. Walters, 296 Fed. App'x 230, 233 (3d Cir. 2008).[1] "The Third Circuit instructs district courts to 'be diligent in enforcing these causation requirements' in recognition of the fact that public actors 'must make a large number of decision in charged atmospheres thereby inviting litigation against themselves in which plaintiffs ask the courts to second guess the actor's decision." Lauren W. v. DeFlaminis, 480 F.3d 259, 267-68 (3d Cir. 2007).

Generally, the filing of a lawsuit satisfies the constitutionally protected conduct prong of a retaliation claim. However, the **threat** of the filing of a lawsuit has not been held to be constitutionally protected conduct. See Anderson v. Sundquist, 1 F.Supp.2d 828, 834 (W.D. Tenn. 1998) ("An inmate does not enjoy a First Amendment right to attempt to intimidate prison employees by threats of lawsuits or disciplinary action."). See also Torres v. Clark, 522 Fed. App'x 103, 105 (3d Cir. 2013) (holding that inmate's written threat was not constitutionally

---

[1] Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158.

5

protected conduct for purposes of a retaliation claim under § 1983); Watson v. Rozum, 2013 WL 4011004, at * 5 (W.D. Pa. 2013) (D.J. Gibson adopting Report and Recommendation of Magistrate Judge Lenihan) ("[T]he undersigned will not go so far as to say Plaintiff's request to file a grievance was a constitutionally protected activity for purposes of a retaliation claim."); Ortiz v. Baird, 2013 WL 1290555, at *8 (W.D. Pa. 2013) (Magistrate Judge Kelly, later adopted by D.J. Lancaster) ("Because Plaintiff in this case did not actually file a grievance […] but merely threatened to do so, he did not engage in constitutionally protected activity in the first instance.").

Because Plaintiff cannot meet the first prong of the retaliation claim, he has failed to state a claim and the motion to dismiss should be granted. Based on the foregoing law, any attempt by Plaintiff to amend his complaint would be futile.[2]

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss [ECF No. 10] be granted. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

---

[2] See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("… a district court may exercise its discretion and deny leave to amend on the basis of … futility.").

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 13, 2015