# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY CLAY,<br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MICHAEL D. OVERMYER,<br>ERIC TICE,<br>WILLIAM COLE,<br>PAUL ENNIS,<br>EDWARD HEBERLING, and<br>DAVID PERRY,<br>　　　　　Defendants. | C.A. No. 14-103 Erie |

## **MEMORANDUM ORDER**

This prisoner civil rights action was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff Clay filed his initial Complaint on April 4, 2014. On July 2, 2014, Defendants jointly filed a MOTION TO DISMISS (ECF No. 10), with brief in support. Plaintiff Clay filed a response in opposition to the motion (ECF No. 13). On January 13, 2015, Magistrate Judge Baxter issued a seven-page Report and Recommendation ("R&R"), which recommended that the Motion to Dismiss be GRANTED. Plaintiff Clay filed timely Objections to the R&R (ECF No. 15), and Defendants filed a response to the Objections (ECF No. 16). The matters are ripe for disposition.

After de novo review of the complaint and documents in the case, together with the R&R, and the Objections thereto, the Court agrees with the thorough and persuasive analysis of the

Magistrate Judge. In order to state a prima facie claim for First Amendment retaliation, Clay must allege that he engaged in constitutionally protected activity. His mere threat to file a lawsuit against prison officials will not support a retaliation claim. Although a threat to sue may constitute "protected activity" in the <u>employment</u> context, a prisoner-plaintiff must actually file the lawsuit to make out a prima facie claim for retaliation in the unique <u>prison</u> context. *See generally Ortiz v. Baird*, 2013 WL 1290555 at *8-9 (W.D. Pa. 2013) (and cases cited therein); *but see Harcum v. Shaffer*, 2007 WL 4167161 (E.D. Pa. 2007).

The Court finds that it would be futile to grant Clay leave to file an amended complaint. The Magistrate Judge correctly determined that he cannot make out a prima facie case because he did not engage in protected activity. In addition, the Court notes that he has not pled sufficient facts to establish a plausible causal connection between the alleged protected activity on January 1, 2013 and the alleged adverse action in July 2013 (increase of Clay's custody level and assignment of "H-code" to label Clay a security threat).

The following order is hereby entered:

AND NOW, this 13th Day of February, 2015, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendants' MOTION TO DISMISS (ECF No. 10) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

The report and recommendation of Magistrate Judge Baxter, issued January 13, 2015, is adopted as the opinion of the court. The clerk shall docket this case closed.

      <u>/s Terrence F. McVerry</u>
      TERRENCE F. McVERRY
      United States District Judge

cc: U.S. Magistrate Judge Susan Paradise Baxter
     All parties of record
     (Plaintiff by US Mail)